**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**BRIAN KEEGAN**, individually and on behalf of those similarly situated,

Plaintiff,

-against-

**DANIEL P. MINAHAN, PERK INDUSTRIES INC., and INNOVATIVE HEALTH LABS INC.,**

Defendants.

**23 cv ____________ (        )**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## OVERVIEW

1. By this civil action, Plaintiff brings claims on his own behalf and on behalf of those similarly situated (the "Class"), to redress nationwide injury inflicted by Defendants on the United States consumer public through the advertisement, marketing, distribution and sale of an over-the-counter, purportedly natural, herbal supplement, in chewable form, intended to be ingested orally.

2. According to Defendants, their product, called ***Boner Bears***, is an efficacious, *natural* herbal remedy for erectile dysfunction ("ED"). In the words of Defendants, their product is "a proprietary blend of organic ingredients designed to

increase performance in the sack." Purchasers of Defendants' product are instructed to "consume 2 Boner Bears gummies at least one hour prior before to sexual activity."

3. What consumers are not told is that Defendants' claims as to the nature of their product, including its constituent ingredients, are a lie; a lie that puts the health of the U.S. consumer public at risk.

4. Neither the Defendants, nor the Boner Bears product label, disclose that Boner Bears is covertly adulterated with *Tadalafil*, the generic ingredient in the well-known pharmaceutical *Cialis*. Cialis is in a class of pharmaceuticals called phosphodiesterase ("PDE") inhibitors. PDE inhibitors work to treat erectile dysfunction by blocking a specific enzyme in the blood vessels. This allows blood vessels to relax, resulting in increased blood flow to the penis. This increased blood flow can cause an erection. But, Tadalafil is a pharmaceutical available in the United States **only under the supervision of a physician, by prescription only.**

5. Defendants, who market the Boner Bears product to treat ED based on the explicit claim that it contains only natural, herbal constituents, are in reality, covert, unauthorized and unlicensed drug dealers who violate federal criminal statutes by introducing misbranded drugs into interstate commerce.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this class action pursuant to

28 U.S.C. § 1332(d)(2) which provides for the original jurisdiction of the federal court in any class action in which any member of the Class is a citizen of a state different from any Defendant, and in which the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.

7. Plaintiff alleges that the claims of individual Class members in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed Class is greater than 100, as required by 28 U.S.C. § 1332(d)(2), (5). Further, as set forth below, Plaintiff is a citizen of a state different from the Defendants.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that Defendants reside in this District and a substantial part of the events, acts, transactions and omissions giving rise to the claims asserted herein occurred in this District.

**THE PARTIES**

9. At all times relevant, Plaintiff Brian Keegan was a citizen of the State of New Jersey with a place of residence in Bergen County, New Jersey. Plaintiff suffers from high blood pressure and high blood sugar and consumes medication on a daily basis, prescribed by his physician, for these conditions. Plaintiff's medical condition prohibits him from ingesting tadalafil for ED. Accordingly, in July 2022, Plaintiff purchased Boner Bears in reliance on the claim that it contained only natural

ingredients. Plaintiff paid $49.87 for the Boner Bears product. Upon ingesting Boner Bears, Plaintiff experienced headache, dizziness, and blurred vision.

10. At all times relevant, Defendant Daniel P. Minahan was a citizen and resident of the State of Florida with a place of residence in Fort Lauderdale, Florida. Defendant Minahan owns, operates and controls the illicit enterprise by which Boner Bears is manufactured, covertly adulterated with a drug, and then sold to the U.S. consumer public.

11. At all times relevant, Defendant Perk Industries Inc., (Perk") was a Delaware corporation with a place of business located at Defendant Minahan's home in Fort Lauderdale, Florida. Perk is owned, operated and controlled by Defendant Minahan. Perk successfully, albeit fraudulently, petitioned the *U.S. Patent and Trademark Office* to grant a trademark for the Boner Bears mark as an herbal dietary supplement without disclosure that it was, in fact, covertly and unlawfully adulterated with a pharmaceutical.

12. At all times relevant, Defendant Innovative Health Labs Inc., ("Innovative Health") was a Florida corporation with a place of business in Fort Lauderdale, Florida. Defendant Innovative Health's business premises in Fort Lauderdale, Florida, are used by Defendants to prepare, package and ship the Boner Bear product to consumers throughout the United States.

13. Acting jointly, severally and in concert, the Defendants advertised, marketed, distributed and sold Boner Bears in commerce throughout the United States, including but not limited to the State of New Jersey.

**THE BONER BEARS PRODUCT**

14. According to the Boner Bears product label, the product, in gummy (chewable) form, contains only natural, herbal constituent ingredients (as well as corn syrup, sugar, flavors and colors). The product label specifically denies that it includes any PDE inhibitors, such as Tadalafil.

15. But Boner Bears is not a natural, herbal blend as claimed. According to sophisticated laboratory analysis – a *Certificate of Analysis* dated August 26, 2022, issued by a highly prominent U.S. testing laboratory is attached hereto as Exhibit A – each dose of Boner Bears (two [2] gummies) contains 17.3 mg of the pharmaceutical Tadalafil. The presence of this substantial dose of a pharmaceutical, available by prescription only, is not disclosed on the product label. Defendants conceal the substantial presence of Tadalafil in Boner Bears because Tadalafil may not be sold and/or lawfully obtained by a U.S. consumer without medical supervision and a prescription.

16. Defendants' advertisement, marketing, distribution and sale of Boner Bears constitute a violation of federal law. Indeed, Defendants are illicit drug traffickers. Perhaps even more shocking, Defendants are covertly dosing U.S. consumers with

almost twice the recommended, 10 mg starting dose of Tadalafil. The dose may be increased to 20 mg based on individual efficacy and tolerability, as determined by a physician. Here, Defendants are dosing U.S. consumers with greater than the starting dose of Tadalafil without any intervention, or oversight, by a physician.

17. Defendants' claims, promises and product labeling with respect to the constituents in Boner Bears were calculated and designed to lead Plaintiff and members of the putative class to believe that Boner Bears was a natural, herbal remedy for ED. Plaintiff and members of the putative class relied on Defendants' deceitful claims and purchased and consumed the product based on said deceitful claims.

18. Tadalafil, as noted, is a pharmaceutical available only at the direction and prescription of a physician, after full medical consultation and examination, as it is potentially dangerous to the health of U.S. consumers if secured and ingested without medical authorization and clearance. Indeed, FDA approval of this pharmaceutical is specifically limited to its use under the supervision of a licensed medical professional. Due to toxicity and other potentially harmful effects – including life-threatening drops in blood pressure, loss of vision, and loss of hearing – Tadalafil is not safe for use except under the supervision of a medical practitioner. Yet, Defendants do not disclose that consumers of its product are ingesting Tadalafil.

19. Members of the class, including Plaintiff, were deceived by Defendants'

claims and misrepresentations concerning Boner Bears's purportedly natural, herbal constituents, and paid a purchase price for the product based on said claims by Defendants.

## CLASS ALLEGATIONS

20. Plaintiff brings this suit individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and discovery, the definition of the Class may be expanded or narrowed. The proposed Class consists of all United States residents who purchased ***Boner Bears*** during the six (6) year period preceding the filing of this suit.

21. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

22. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised of consumers throughout the United States who purchased Boner Bears.

23. **Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members, and include:

(a) Whether Defendants' affirmative, material misrepresentations and concealment constitute common law fraud;

(b) Whether Defendants deliberately concealed the adulteration of Boner Bears with a pharmaceutical; and,

© the appropriate measure of damages suffered by Plaintiff and members of the Class.

24. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' illegal and shockingly deceitful conduct. Plaintiff, like other members of the Class, purchased and consumed Boner Bears, after exposure to the same misrepresentations and/or concealment as to its adulteration with Tadalafil. Plaintiff is advancing claims and legal theories typical to the Class.

25. **Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

26. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class. Plaintiff may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification.

27. Plaintiff's counsel (anticipated to be admitted *pro hac vice*) is an

experienced attorney who has previously been appointed as class counsel for certified classes of consumers by both state and federal courts in New York and New Jersey.

28. This suit may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making final relief appropriate.

29. Plaintiff also seeks injunctive relief requiring Defendants to: (I) discontinue advertising, marketing, packaging, distributing, selling and otherwise representing Boner Bears as a natural herbal product; (ii) surrender of their existing stock of the product to the U.S. Food and Drug Administration; (iii) undertake a public information campaign to Class members of their false and deceitful prior practices; and (iv) correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Boner Bears, including without limitation, the placement of corrective advertising and providing written notice to the U.S. consumer public.

30. **Superiority**: In addition, this suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all consumers throughout the United States who purchased Boner Bears. The injury suffered by each

individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the Class, acting individually, effectively and cost-efficiently to redress Defendants' wrongful conduct. Individual litigation would enhance delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CAUSE OF ACTION
**[Common Law Fraud]**

29. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

30. Defendants' false labeling of Boner Bears and their false representations as to the true constituent ingredients of Boner Bears, as well as their conscious, deliberate failure to disclose that Boner Bears is adulterated with a pharmaceutical, constitute material misrepresentations and concealment of material fact.

31. Defendants knew full well that Boner Bears's ingredient list was materially false and that Boner Bears was adulterated with Tadalafil. For example, Defendants' product label advises consumers to "consume 2 gummies 1 hour prior to sexual activity," and, it warns consumers to not consume "more than 3 gummies in any 1 day," and it also warns consumers to "consult a healthcare professional before use if

you have a medical condition." These advisements and warnings evidence Defendants' plain awareness that they were marketing a pharmaceutical, and not an herbal product. Indeed, the aforesaid advisement and warning mirrors information provided to consumers of the pharmaceutical Tadalafil under a physician's supervision. Such advisements and warnings have no application whatsoever to a truly herbal product. Defendants' claim of selling an herbal product is a cooked-up, deliberate lie, and Defendants knew as much.

32. Defendants fully intended falsely to represent Boner Bears as a natural, herbal product and to conceal the fact that it was adulterated with a pharmaceutical.

33. Defendants fully intended that consumers rely on the deliberate falsity and material incompleteness of Boner Bears' ingredient list.

34. Defendants further fully intended to conceal the adulteration of Boner Bears from state and federal regulatory and law enforcement authorities.

35. Plaintiff and the putative class of consumers reasonably relied on Defendants' lies and deceit as to the constituents of Boner Bears.

36. Plaintiff and the putative class of consumers were damaged by being subjected to a non-prescribed, potentially dangerous pharmaceutical, as well as by the taking of funds expended to purchase a product marketed and sold based on lies, deceit and material concealment of Boner Bears's true constituent ingredients.

**WHEREFORE**, plaintiff, individually and on behalf of the class, demands judgment against the Defendants for treble damages for common law fraud, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and such other and further relief, including but not limited to injunctive relief, as the Court deems just and proper.

**JURY DEMAND**

Demand is hereby made for trial by jury as to all issues.

**HOFFMAN, LARIN & AGNETTI, P.A.**
*Counsel for Plaintiff and the Putative Class*
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
T. 305-653-5555
F. 305-940-0090
Email: mshoffman@hlalaw.com
/s/ **MICHAEL S. HOFFMAN**
**MICHAEL S. HOFFMAN**
Florida Bar No.: 41164

/s/ **HAROLD M. HOFFMAN**
240 Grand Avenue
Englewood, NJ 07631
(201) 569-0086
Email: hoffman.esq@verizon.net
*Pro Hac Vice* Admission anticipated

Dated: March 16, 2023