UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

0:23-cv-60501-RNS

BRIAN KEEGAN, individually and on behalf of
those similarly situated,

                Plaintiff,

  -against-

DANIEL P. MINAHAN, PERK INDUSTRIES,
INC., and INNOVATIVE HEALTH LABS INC.,

                Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR ALTERNATIVELY, MOTION TO STRIKE**

Defendants, DANIEL P. MINAHAN, PERK INDUSTRIES, INC., and INNOVATIVE HEALTH LABS INC., (each individually a "**Defendant**" and collectively, "**Defendants**"), by and through undersigned counsel and pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, hereby move to dismiss the Complaint filed by Plaintiff, BRIAN KEEGAN ("**Plaintiff**"), or alternatively, move to strike certain portions of the Complaint filed by Plaintiff, and in support thereof state as follows:

                I.      **SUMMARY OF ARGUMENT**

1. Plaintiff's Complaint alleges one count of fraud collectively against all three Defendants and is deficient in at least four respects, for which dismissal is warranted.

2. As an initial matter, Plaintiff fails to comply with the Federal pleading standard in failing to plead with specificity of the circumstances surrounding the alleged fraud. *See* Fed. R. Civ. P. 9(b); *Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1275 (S.D. Fla. 2007). Such failure to properly plead with specificity generally is further compounded by Plaintiff's assertion of fraud against multiple Defendants without specifying which Defendant is responsible

for which fraudulent statement or action – this failure to comply with pleading standards alone warrants dismissal *Aboujaoude*, 509 F. Supp. 2d at 1275.

3. In addition, Plaintiff's claim for fraud further fails as against Defendant Daniel P. Minahan individually, because he fails to allege facts demonstrating how Defendant Daniel P. Minahan participated in the alleged fraud individually – a requirement to hold a corporate officer personally liable. *See id.*, 509 F. Supp. 2d at 1277.

4. Plaintiff's Complaint also must be dismissed as a shotgun pleading, for which the Eleventh Circuit has "little tolerance." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Plaintiff fails to separately identify a claim for relief against each Defendant individually, and instead, asserts one cause of action broadly, without specifying which Defendant is allegedly responsible for the acts or omissions, or which of the Defendants the claim is brought. This warrants dismissal. *Id.*

5. Plaintiff's claims for treble damages and attorney's fees must also be dismissed because treble damages are not available under a common law fraud theory of liability and entitlement to an award of attorney fees must be predicated either upon an express contractual right or by statute, for which Plaintiff has none. *See Ortho Pharm. Corp. v. Sona Distributors, Inc.*, 663 F. Supp. 64, 67 (S.D. Fla. 1987) ("This [c]ourt has elected to use a common law fraud theory of liability, and therefore, no claim for treble damages will be available…"); *Penthouse North Ass'n, Inc. v Lombardi*, 461 So. 2d 1350, 1353 (Fla. 1984) (holding that the trial court's striking of motion for attorneys' fees was proper because there was no applicable statutory or contractual basis for an award of fees).

6. Finally, Plaintiff's class action allegations must be dismissed because they are defective on their face. *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 696 (S.D. Fla. 2014).

7. Accordingly, Plaintiff's Complaint should be dismissed.

## II. FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

8. Plaintiff's Complaint asserts one cause of action for common law fraud against all three Defendants in a single count.

9. Plaintiff alleges that Defendant Perk Industries, Inc.'s product contains a pharmaceutical ingredient that is not listed on the product's ingredient list, rendering the product not an herbal product as marketed. *See* DE #1 at ¶¶ 14-15.

10. Plaintiff also alleges that Defendants concealed the presence of the pharmaceutical ingredient in the product because the ingredient may not be sold or lawfully obtained without medical supervision and a prescription. *See* DE #1 at ¶ 15.

11. Plaintiff's conclusory allegations assert that all Defendants knew that the product's ingredient list was false, intended to represent the product as natural to consumers as herbal to conceal the alleged additional pharmaceutical ingredient, and that Plaintiff suffered damages such as headache, dizziness, and blurred vision, as well as losing $49.87 from the purchase of the product. *See* DE #1 at ¶¶ 9, 31-34.

## III. MEMORANDUM OF LAW

### A. Legal Standard.

12. Rule 8(a)(2) of the Federal Rules of Civil Procedure demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Gill-Samuel*, 298 F.R.D. at 696.

13. Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

14. A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

15. "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**B. Plaintiff Fails to State a Cause of Action for Fraud.**

(i) *Plaintiff Fails To State A Cause Of Action Against All Defendants*.

16. To allege a claim for common law fraud under Florida law, a party must set forth the following: (1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury. *See Aboujaoude*, 509 F. Supp. 2d at 1275.

17. Such a claim must be pled with specificity. *Schopler v. Smilovits*, 689 So. 2d 1189, 1189 (Fla. 4th DCA 1997).

18. Federal Rule of Civil Procedure 9(b) requires a party alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006).

19. When a plaintiff fails to adequately plead with specificity the circumstances surrounding fraud, and instead, asserts only conclusory statements alleging fraud, dismissal is proper. *See Aboujaoude*, 509 F. Supp. 2d at 1275.

20. In fact, alleging fraud against multiple defendants without specifying which defendant is responsible for which fraudulent statement or fraudulent action compounds the failure to plead properly, and dismissal is warranted. *Id.* at 1276 ("The [plaintiffs'] failure to plead with

specificity the circumstances constituting fraud are compounded in this case because they have alleged fraud against multiple defendants. In order to ensure that [d]efendants have adequate notice of the charges against them, the [plaintiffs] must indicate with specificity which [d]efendant… is responsible for which false statements and fraudulent actions.")

21. Here, Plaintiff failed to allege any facts specifying which Defendant is allegedly responsible for participating in which fraudulent actions. Instead, Plaintiff asserts conclusory allegations alleging fraud against all Defendants generally, which does not provide the Defendants with the necessary adequate notice of the specific charges against them.

22. The Complaint is also devoid of any specific allegations suggesting how Defendant Innovative Health Labs Inc., as the alleged packager of the product, either knew of the contents of the product that it was packaging, or knew that it contained a pharmaceutical ingredient, as Plaintiff alleges.

23. Therefore, Plaintiff failed to meet the pleading burden for an allegation of common law fraud against all Defendants, and Plaintiff's Complaint must be dismissed.

(ii) *Plaintiff Fails To State A Cause Of Action Against Defendant Daniel P. Minahan Individually*.

24. In addition to Plaintiff's failure to properly allege a claim for fraud against all Defendants with the required specificity, as addressed above, Plaintiff's claim for fraud further fails as against Defendant Daniel P. Minahan individually.

25. In order to bring a claim for common law fraud against a corporate officer individually, the corporate officer must have participated in the wrong himself, and the allegations against the officer individually must set forth facts sufficient to show same. *See Aboujaoude*, 509 F. Supp. 2d at 1277.

26. Plaintiff's Complaint lacks any allegations demonstrating how Defendant Daniel P. Minahan participated in the alleged fraud individually, nor can Plaintiff plead such factual allegations. As such, dismissal of the Complaint against Defendant Daniel P. Minahan is also proper.

### C. Plaintiff's Complaint Must be Dismissed as a Shotgun Pleading.

27. Plaintiff's Complaint alleges one cause of action for common law fraud against presumably all three Defendants.

28. Plaintiff fails to separate into different counts a cause of action or claim for relief against each Defendant individually, and instead, asserts one count for common law fraud broadly, without specifying which Defendant is allegedly responsible for the acts or omissions, or which of the Defendants the claim is brought.

29. Plaintiff's Complaint is therefore not only insufficient due to its failure to include the required specificity for a common law fraud claim, but also, Plaintiff's pleading is an improper shotgun pleading, for which dismissal is proper. *Worldspan Marine Inc. v. Comerica Bank*, No. 20-11646, 2021 WL 5882006, at *1-2 (11th Cir. Dec. 13, 2021) (affirming dismissal of an amended complaint with prejudice as a shotgun pleading); *Lennen v. Marriott Ownership Resorts, Inc.*, No. 19-13215, 2021 WL 5834264, at *11 (11th Cir. Dec. 9, 2021) (affirming dismissal of amended complaint because it was a shotgun pleading); *Barmapov*, 986 F.3d at 1324-1326 (affirming district court's decision to dismiss the amended complaint because it was "in an improper shotgun format").

### D. Even If Plaintiff's Claim for Common Law Fraud Survives Defendants' Motion to Dismiss, Plaintiff's Claim for Treble Damages and Attorney's Fees Must be Dismissed.

30. Plaintiff prays that this Court award him treble damages for common law fraud, in addition to attorney's fees. *See* DE #1 at p. 12.

31. As an initial matter, treble damages are not available under a common law fraud theory of liability. *Ortho Pharm. Corp.*, 663 F. Supp. at 67 ("This [c]ourt has elected to use a common law fraud theory of liability, and therefore, no claim for treble damages will be available…").

32. Therefore, Plaintiff's claim "for treble damages for common law fraud" must be dismissed. *See* DE #1 at p. 12.

33. Moreover, Florida law provides that entitlement to an award of attorney fees must be predicated either upon an express contractual right or by statute. *See Penthouse North Ass'n, Inc.*, 461 So. 2d at 1353. Plaintiff pleads no basis for his demand for attorneys' fees in his Complaint, nor does any valid basis exist under any agreement or applicable law; therefore, Plaintiff's claim for attorneys' fees should be dismissed.

### E. Plaintiff's Class Action Allegations are Deficient on Their Face, and Therefore, Must Be Dismissed.

34. A plaintiff seeking to certify a class under Federal Rule 23 must plead and prove, among other things, an adequate class definition, ascertainability, and numerosity. Fed. R. Civ. P. 23; *Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, 481 F. Supp. 3d 1258, 1274-1279 (S.D. Fla. 2020).

35. Rule 23(c)(1) directs that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "This decision, therefore, will normally be made expeditiously." *Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 562 (1974).

36. "'Rule 23 demands an early consideration of class certification, including its practical implications for case manageability' in order to avoid undue delay in consideration of the class-certification issue that would 'introduc[e] needless and avoidable complexity into an already complex case.'" *Gill-Samuel*, 298 F.R.D. at 698 (quoting *Vega v. T–Mobile USA, Inc.,* 564 F.3d

7

1256, 1279 (11th Cir.2009)).

37.     Plaintiff's class action allegations surrounding at least, class definition, ascertainability, and numerosity are deficient and must be dismissed.

(i)     *The Class Is Not Ascertainable and Plaintiff's Class Definition is Deficient.*

38.     The identification of class members should be "a manageable process that does not require much, if any, individual inquiry." *Ohio State Troopers Ass'n, Inc.*, 481 F. Supp. 3d at 1274 (quoting *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014)).

39.     Accordingly, "[a] court should deny class certification where the class definitions are overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." *Id.* (quoting *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003)).

40.     A class should not be certified if it is apparent that it contains many people who have suffered no injury at the hands of the defendant. *Ohio State Troopers Ass'n, Inc.*, 481 F. Supp. 3d at 1274 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019)). A class defined so as to improperly include uninjured class members increases the potential liability for the defendant and induces more pressure to settle the case, regardless of the merits, and therefore, is not proper. *Id.* (quoting *Cordoba*, 942 F.3d at 1276).

41.     Here, Plaintiff broadly identifies the class as "all United States residents who purchased [the product] during the six (6) year period preceding the filing of this suit." *See* DE #1 at ¶ 20.

42.     Plaintiff fails to allege any facts to suggest that the product was allegedly altered for a six year period,[1] and Plaintiff's class allegations are so broad, that they encompass purchasers who may have never had an allegedly defective product – this is an improper inclusion of class

---

[1] In fact, the product has only been on the market for approximately two and a half years.

members as opined by the Eleventh Circuit in *Ohio State Troopers Ass'n*. *Id.*; *Ohio State Troopers Ass'n, Inc.*, 481 F. Supp. 3d at 1274.

43. Plaintiff alleges no facts to suggest that all purchasers during the six year period were injured, or even any evidence that anyone other than the Plaintiff was allegedly injured. Even assuming for the purposes of the Motion to Dismiss that Plaintiff's certificate of analysis at Exhibit "A" of the Complaint is true, such report only demonstrates the presence of Tadalafil in the product in two gummies as of August 26, 2022. *See* DE #1 at Exhibit "A". The Complaint contains no facts to otherwise suggest presence of Tadalafil prior to that time, or in any other product batches.

44. Such a conclusory allegation is insufficient to meet the pleading requirement for ascertainability and an adequate class definition, and as such, this class action allegation must be dismissed.

(ii) *Plaintiff Fails to Adequately Allege Numerosity.*

45. Under Rule 23(a)(1), a plaintiff must demonstrate that "the class is so numerous that joinder of all members is impracticable." *Ohio State Troopers Ass'n, Inc.*, 481 F. Supp. 3d at 1278 (quoting Fed. R. Civ. P. 23(a)(1)).

46. Mere allegations of numerosity are insufficient to meet this prerequisite. *Id.*

47. It is insufficient for a plaintiff to conclusively allege "that joinder would be impracticable" or to simply speculate as to the size of the class. *Leszczynski v. Allianz Ins.*, 176 F.R.D. 659, 669 (S.D. Fla. 1997). However, Plaintiff's allegations are just that, merely alleging that "the members of the class are so numerous that joinder of all members is impracticable" without demonstrating anything further, such even one any other single customer purported to have sustained damages from the product. *See* DE #1 at ¶ 22. Any conclusions as to the size of the class are based on mere speculation.

9

48. While a plaintiff is not required to show an exact number of class members, Plaintiff here fails to even provide a reasonable estimate as to the number of injured class members. *Barlow v. Marion County Hospital District,* 88 F.R.D. 619, 625 (M.D. Fla. 1980) ("Plaintiffs must show some evidence of or reasonably estimate the number of class members. Mere speculation, bare allegations, and unsupported conclusions are inadequate.")

49. Plaintiff's sole conclusory allegation is insufficient to meet the numerosity requirement to sustain a class action under Rule 23, such to permit dismissal of the class action at this stage of the proceedings.

### IV.     MOTION TO STRIKE

50. Defendants also move to strike certain portions of Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

51. Rule 12(f) permits the Court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f).

52. Plaintiff's Complaint contains numerous allegations against Defendants which are immaterial, impertinent, and scandalous, and therefore should be stricken.

53. Plaintiff alleges that Defendant Daniel P. Minahan "owns, operates and controls the illicit enterprise." *See* DE #1 at ¶ 10. Such reference to Defendant Daniel P. Minahan's business as an 'illicit enterprise" is certainly immaterial, impertinent, and scandalous and must be stricken.

54. Further, Plaintiff refers to Defendants as "illicit drug traffickers." *See* DE #1 at ¶ 16. This too is an allegation that is immaterial, impertinent, and scandalous and must be stricken. Its sole purpose appears to be to harass or intimidate the Defendants.

55. Finally, Plaintiff refers to Defendants' alleged conduct as "illegal and shockingly deceitful" and alleges that Defendants' herbal product is a "cooked-up, deliberate lie." *See* DE #1 at ¶¶ 24, 31. Again, these allegations are unnecessary for inclusion in the Complaint, immaterial, and should be dismissed.

## V. CONCLUSION

56. In light of the foregoing, Plaintiff's Complaint must be dismissed, or alternatively, certain portions of the Complaint must be stricken as immaterial, impertinent, and scandalous.

**WHEREFORE**, Defendants, DANIEL P. MINAHAN, PERK INDUSTRIES, INC., and INNOVATIVE HEALTH LABS INC., respectfully request that the Court enter an Order: (1) GRANTING this Motion; (2) dismissing Plaintiff's Complaint; (3) in the alternative, striking certain portions of Plaintiff's Complaint as immaterial, impertinent, and scandalous; and (4) providing any such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THE MARKARIAN GROUP**
*Counsel for Defendants*
2925 PGA Blvd., Suite 204
Palm Beach Gardens, Florida 33410
**Telephone**: (561) 626-4700
**Facsimile**: (561) 627-9479

By: */s/ David K. Markarian*
David K. Markarian
Florida Bar No. 480691
dave@forbusinessandlife.com
Jessica R. Glickman
Florida Bar No. 118586
jessica@forbusinessandlife.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronically via CM/ECF on April 10, 2023, on all counsel or parties of record on the Service List below.

By: */s/ Jessica R. Glickman*

## SERVICE LIST

Jessica R. Glickman, Esq.
jessica@forbusinessandlife.com
service@forbusinessandlife.com
The Markarian Group
2925 PGA Blvd., Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 626-4700
Facsimile: (561) 627-9479
*Counsel for Defendants*

Michael S. Hoffman, Esq.
mshoffman@hlalaw.com
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
T: 305-653-5555
F:  305-940-0090
*Counsel for Plaintiff*

Harold M. Hoffman, Esq.
Hoffman.esq@verizon.net
240 Grand Avenue
Englewood, NJ  07631
T: 201-569-0086
*Pro Hac Vice*  Admission anticipated