UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

0:23-cv-60501-RNS

BRIAN KEEGAN, individually and on behalf of
those similarly situated,

                        Plaintiff,

  -against-

DANIEL P. MINAHAN, PERK INDUSTRIES,
INC., and INNOVATIVE HEALTH LABS INC.,

                      Defendants.
_____/

**DEFENDANTS' URGENT MOTION FOR PROTECTIVE ORDER FOR THE DEPOSITION OF DAN MINAHAN AND TO STAY DISCOVERY, OR ALTERNATIVELY MOTION TO BIFURCATE/PHASE DISCOVERY**

    Defendants, DANIEL P. MINAHAN, PERK INDUSTRIES, INC., and INNOVATIVE HEALTH LABS INC., (each individually a "**Defendant**" and collectively, "**Defendants**"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby file their Urgent Motion for Protective Order and to Stay Discovery, or Alternatively Motion to Bifurcate/Phase Discovery ("**Urgent Motion**"), and in support thereof state as follows:

**PRELIMINARY STATEMENT**

    1.    This is a purported class action claim against the Defendants. Defendants seek to stay discovery in this matter while their Motion to Dismiss is pending. Alternatively, Defendants seek to phase or limit discovery to pre-certification discovery only.

    2.    A stay of discovery is appropriate because Defendants' Motion to Dismiss seeks to dispense with Plaintiff's entire case for his failure to plead fraud as required under Rule 9(b) and for his failure to adequately ascertain a class. Additionally, Plaintiff, BRIAN KEEGAN ("**Plaintiff**") recently served a series of overbroad document requests which are not tailored to the

issues raised in the claim.[1] A stay of discovery would limit significant time, expense, and effort by the Defendants in responding to these requests, which may never be relevant depending on the Court's future ruling.

3.      In the interim, Defendants seek a ruling staying both the Plaintiff's Request for Production and Mr. Minahan's deposition, which was unilaterally scheduled without notice, until the Court can rule on the Urgent Motion on the merits.

## PROCEDURAL HISTORY

4.      Plaintiff filed a single count Complaint asserting one bare bones claim for common law fraud against all three Defendants. [DE#1]. Plaintiff further seeks to spearhead a class action against the Defendants in connection with the Defendants' product, Boner Bears ("**Product**") [DE#1]. Currently, there are no other members of the class.

5.      Just following the Parties' Discovery Conference, and without coordinating with Defendants' counsel, Plaintiff's counsel unilaterally noticed the deposition of Defendant, Mr. Minahan, to occur at the undersigned's office on June 1, 2023, without coordinating the date with Defendants' counsel or Mr. Minahan.[2] *See Exhibit "A" Notice of Taking Deposition of Daniel Minahan*. Plaintiff also served an extensive Request for Production to all Defendants, seeking broad categories of documents. *See Exhibit "B" Request for Production to Defendants*.

6.       Defendants' counsel advised that she was uncertain if her client would be available

---

[1] Responses to Plaintiff's First Request for Production are due on May 29, 2023.
[2] Unfortunately, such tactics have been repeatedly used by Plaintiff's counsel throughout this case in an apparent effort to obtain improper leverage over Defendants. For example, prior to filing this case, Plaintiff's counsel repeatedly contacted the Defendants' principals directly by phone, despite knowledge of their representation by Defendants' counsel's office. Voicemail messages to the undersigned's clients include, "Why don't we talk about this before it exacerbates into something that is out of control…" and "…please don't ignore me…you can have your attorney call me as well. That's just as good. Ignoring me is a mistake in my opinion. I think you'll ultimately agree." Plaintiff's counsel went as far as to show up unannounced at the home of Mr. Minahan, screaming, and pounding on the door, frightening Mr. Minahan's thirteen-year-old daughter. In yet another surprise visit, Plaintiff's counsel appeared unannounced at Defendant Perk Industries' business premises and interacted with its general manager in such a threatening and inflammatory manner that the general manager later resigned. Appearance in this Court pro hac vice is a privilege which should be considered carefully given the conduct of Plaintiff's counsel.

on the unilaterally noticed deposition date and that the deposition needed to be properly coordinated.

7. Defendants' counsel later learned that on June 1, 2023, Mr. Minahan will be travelling outside of the State of Florida, caring for his ill elderly mother.

8. Immediately upon learning of Mr. Minahan's scheduling conflict, Defendants' counsel informed Plaintiff's counsel that Mr. Minahan would be out of the jurisdiction. Based on the nature of the claims at issue, Defendants' counsel also requested the deposition not be rescheduled until a ruling was made upon Defendants' request to stay discovery or otherwise limit discovery to pre-certification issues. *See Email Correspondence at Exhibit "C."*

9. The following day, to ensure compliance with Magistrate Judge Goodman's Discovery Procedures Order (DE#14), and under the belief that the Order governed the issue of a stay of discovery, the Parties conferred pursuant to the local rules and agreed that the issues concerning the request to stay or phase discovery would be heard before Magistrate Judge Goodman. (DE#19). The hearing was scheduled for June 2, 2023, to accommodate the schedule of Plaintiff's counsel, who throughout the conference, appeared to have no issue hearing the matter promptly and rescheduling the deposition as needed.

10. On Friday, May 12, 2023, Magistrate Judge Goodman entered an order cancelling the hearing and advised that the party seeking the stay of discovery should file a written motion requesting such relief from the Court. (DE#23).

11. That afternoon, Plaintiff's counsel, in apparent frustration with the status of settlement negotiations, advised that he was moving forward with the deposition of Mr. Minahan for June 1, 2023, and that he would seek sanctions if Mr. Minahan fails to appear.

12. This Urgent Motion follows. Defendants' counsel also seeks an interim order, while a ruling on this Urgent Motion is pending, cancelling the deposition that was unilaterally scheduled

without regard to Mr. Minahan's availability, and postponing Mr. Minahan's deposition and the Request for Production until a ruling on the Urgent Motion is made.

## ARGUMENT

### I. Discovery Should Be Stayed Because the Motion to Dismiss is Case Dispositive

13. Defendants' Motion to Dismiss maintains that Plaintiff failed to state a cause of action for common law fraud against the Defendants, and further, that Plaintiff's class action allegations are defective on their face, which also permits the Court to dismiss Plaintiff's claims based on the insufficient class action allegations. [DE#15].

14. Notably, Plaintiff's Complaint is facially insufficient and devoid of the essential allegations of the fraud claim suggesting, at least: (1) which Defendant made what false statement, (2) which Defendant(s) intended to induce Plaintiff to rely on a false statement, (3) any specific allegations suggesting how Defendant Innovative Health Labs Inc., as the alleged packager of the Product, either knew of the contents of the Product that it was packaging, or knew that it contained a pharmaceutical ingredient, as Plaintiff alleges, or (4) any facts to suggest that Defendant Daniel Minahan, or any of the Defendants, had knowledge of the presence of the illicit ingredient in the Product. [DE#15]. Plaintiff's Complaint essentially alleges that by virtue of being an owner of the Defendant companies, Mr. Minahan must somehow have knowledge of the alleged fraudulent conduct.

15. There remain significant questions as to each Defendant's involvement in the alleged fraud. Alleging fraud against multiple defendants without specifying which defendant is responsible for which fraudulent statement or fraudulent action compounds the failure to plead properly, and dismissal is warranted. *Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1276 (S.D. Fla. 2007).

16. In *In Re Mednax Services, Inc., Customer Data Security Breach Litigation*, the

court temporarily stayed discovery pending resolution of a motion to dismiss a class action complaint. The court reasoned that even a partial granting of the defendants' motion to dismiss, which sought dismissal of all claims on substantive bounds pursuant to Rule 12(b)(6), would substantially impact the viability of claims against one or more defendants and therefore, drastically alter the scope of discovery. *In Re Mednax Services, Inc., Customer Data Security Breach Litigation,* Case No. 21-MD-02994-RAR, 2021WL10428229, at *2 (S.D. Fla. Oct. 9, 2021).

17. Further, courts are also cautious in permitting discovery to proceed while a motion to dismiss fraud claims is pending and when the motion alleges the complaint fails to state the claims with particularity as required by Rule 9(b). *See e.g. Lewis v. Mercedes-Benz USA, LLC.,* Case No. 19-CIV-81220-RAR, 2020WL4923640 at *3 (S.D. Fla. March 25, 2020)(considering as a factor in the decision to grant a discovery stay that the motion to dismiss alleged that the fraudulent concealment and RICO claims failed to satisfy the heightened pleading standard under Rule 9(b)); *Tradex Global Master Fund SPC Ltd. v. Palm Beach Capital Management, LLC.,* Case No. 09-21622-CIV-MORENO, 2009WL10664410 at * 1 (S.D. Fla. Nov. 24, 2009)(motion to stay was warranted where motion to dismiss alleged that Plaintiff failed to plead fraud with particularity as required by Rule 9(b)). The Eleventh Circuit has also found that permitting discovery in instances where fraud claims have not been properly pleaded allows parties to circumvent the requirements of Rule 9(b). *United States ex. Rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1313 n. 24 (11th Cir. 2002).

18. Additionally, the Motion to Dismiss also alleges critical jurisdictional issues because it challenges the legal sufficiency of Plaintiffs class allegations under Rule 23. (DE#15 at p. 7). Courts have found it prudent to address such jurisdictional issues in advance of undertaking significant discovery. *Lewis,* 2020WL4923640, at *3 (collecting cases where discovery was

5

appropriately stayed when motion to dismiss alleged jurisdictional deficiencies).

### II. Defendants' Motion to Stay Should be Granted Because Discovery Would Cause Undue Burden and Expense

19. Plaintiff issued a Request for Production of Documents to all Defendants which contains thirty-three different requests over a timeframe of more than six years. Such discovery requests are entirely overbroad and burdensome, do not exclude privileged documents, and substantial resources stand to be incurred by Defendants in identifying, gathering, and producing the responsive documents. The requests would require extensive examination of Defendants' electronically stored information.

20. The Court has wide discretion in managing cases before it, including limiting or staying discovery, where such discovery would cause 'undue burden or expense." *In Re Mednax Services, Inc., Customer Data Security Breach Litigation,* 2021WL10428229, at *1; *Prohias v. Asurion Corp.,* Case No. 05-22259-CIV-SEITZ/MCALILEY, 2006WL8433152, at *1 (S.D. Fla. Jan. 10, 2006) (staying discovery in a class action until the court ruled on the defendants' motion to dismiss which asserted that plaintiff could not state a viable claim against defendants, so as to prevent potentially unnecessary burdens and expenses).

21. In the instant case, the requests at issue would require extensive time, effort and expense be asserted by Defendants and their counsel, when Plaintiff has yet to plead threshold allegations of fraud. For example, the first request seeks "all documents concerning the following entities and/or individuals: PERK INDUSTRIES, INC., INNOVATIVE HEALTH LABS INC., BRYCE HUMPHREYS and XING TAO." *See Exhibit "B"* at ¶ 1. Such a request pertaining to all documents of two Defendant corporations would require production of virtually all company emails, calendar entries, invoices, etc. without any regard for the subject matter of the lawsuit.

22. The later requests also suffer the same flaws. Request 4 seeks "…all documents concerning the Boner Bears product." *See Exhibit "B"* at ¶ 4. The request as phrased would require

6

an extensive search of all employee emails, invoices, sales records, customer lists, payment records, for a three-year period.[3] Other requests seek only to harass.[4] Request 8 seeks "[a]ll documents concerning Defendant Minahan's criminal prosecution(s) and conviction(s)." *See Exhibit "B"* at ¶ 8.

23. Resolution of the facial challenges raised in the Motion to Dismiss will undoubtedly lessen unnecessary costs, since a court's ruling could result in dismissal of the claims in their entirety, dismissal of certain Defendants, or dismissal of the class. Each result would limit the corresponding scope of discovery. *In Re Mednax Services, Inc., Customer Data Security Breach Litigation,* 2021WL10428229, at *3.

### III. Alternatively, the Court Should Bifurcate Discovery and Permit Pre-Certification Discovery to Proceed Only

24. Alternatively, in the event the Court does not stay discovery pending resolution of the Motion to Dismiss, the Could should bifurcate or phase discovery and only permit discovery relating to class certification to take place prior to discovery on the merits.

25. In the class action context, one of the first issues confronting the court is class certification. *Washington v. Brown &* Williamson *Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992). Because the court is charged with determining whether a class action is to be maintained as soon as practicable after commencement of the action, in order to best serve the ends of fairness and efficiency, and in order to make early class determination possible, courts may limit pre-certification discovery to discovery on the certification issue only and postpone classified discovery on the merits. Fed. R. Civ. P. 23(c)(1)(A); *Id.* at 1570-71 (affirming the trial court's order limiting discovery to class action precertification issues); *Stewart v. Winter*, 669 F.2d 328,

---

[3] Perk Industries was formed in 2020.
[4] Plaintiff's counsel has repeatedly and unnecessarily referenced Mr. Minahan's criminal history throughout the pleadings in this case and in telephone conferences with Defendants' counsel.

331 (5th Cir. 1982) ("we think it imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be 'necessary or helpful' to the certification decision").

26. In Florida, it is a well settled rule that precertification discovery should be limited to matters relevant to class certification, and not the merits of the case, and federal courts have frequently followed. *See e.g.*, *Commonwealth Land Title Ins. Co. v. Higgins*, 975 So. 2d 1169, 1174 (Fla. 1st DCA 2008) ("federal courts have frequently restricted precertification discovery to class certification matters and otherwise limited the scope and burden of such discovery"). Limiting discovery issues to pre-certification discovery is appropriate where the Plaintiff seeks to represent a broad national class and the discovery sought requires an immense amount of time, money, and resources. *Id.* at 1174-75.

27. Here, the discovery requests sought are overbroad and should be limited to those items which would be helpful or necessary to the class certification decision. *See Exhibit "B."* Bifurcating discovery at this early stage will not prejudice the Plaintiff and will lead to a more efficient case. The need to limit discovery is only highlighted by the fact that Defendants' Motion to Dismiss alleges that Plaintiff has failed to make the necessary showing that this claim is truly a class action. Further, Plaintiff has failed to set forth any evidence of significant damages such that his claim would individually remain before this Court should the Court deny class certification.

**WHEREFORE**, Defendants, DANIEL P. MINAHAN, PERK INDUSTRIES, INC., and INNOVATIVE HEALTH LABS INC., respectfully request that the Court enter an Order: (1) GRANTING this Urgent Motion; (2) staying all discovery until the Court rules on Defendants' Motion to Dismiss; (3) entering an interim Order finding that Mr. Minahan is not required to appear for deposition on June 1st while a ruling on the stay or bifurcation of discovery is pending (4) entering an interim Order finding that Defendants are not required to respond to the Request to Produce while a ruling on the stay or bifurcation of discovery is pending; (5) alternatively, ordering discovery to be bifurcated/phased to limit all pre-certification discovery to matters relevant to class certification; and (6) providing any such other and further relief as the Court deems just and proper.

DATED: May 16, 2023                    Respectfully submitted,

                                                         **THE MARKARIAN GROUP**
*Counsel for Defendants*
2925 PGA Blvd., Suite 204
Palm Beach Gardens, Florida 33410
**Telephone**: (561) 626-4700
**Facsimile**: (561) 627-9479

By: */s/ David K. Markarian*
David K. Markarian
Florida Bar No. 480691
dave@forbusinessandlife.com
Jessica R. Glickman
Florida Bar No. 118586
jessica@forbusinessandlife.com

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

WE HEREBY CERTIFY that undersigned counsel has conferred with counsel for Plaintiff (by telephone on May 11, 2023) in a good faith effort to resolve the issues raised herein, but has been unable to do so.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically via CM/ECF on May 16, 2023, on all counsel or parties of record on the Service List below.

By: */s/ David K. Markarian*

**SERVICE LIST**

Jessica R. Glickman, Esq.
jessica@forbusinessandlife.com
service@forbusinessandlife.com
The Markarian Group
2925 PGA Blvd., Suite 204
Palm Beach Gardens, FL 33410
Telephone: (561) 626-4700
Facsimile: (561) 627-9479
*Counsel for Defendants*

Michael S. Hoffman, Esq.
mshoffman@hlalaw.com
909 North Miami Beach Blvd., Suite 201
North Miami, FL 33162
T: 305-653-5555
F: 305-940-0090
*Counsel for Plaintiff*

Harold M. Hoffman, Esq.
Hoffman.esq@verizon.net
240 Grand Avenue
Englewood, NJ 07631
T: 201-569-0086
*Pro Hac Vice* Admission anticipated