## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### 0:23-cv-60501-RNS

**BRIAN KEEGAN,** individually and on behalf of those similarly situated,

Plaintiff,

-against-

**DANIEL P. MINAHAN, PERK INDUSTRIES INC., and INNOVATIVE HEALTH LABS INC.,**

Defendants.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' *URGENT* MOTION TO STAY, OR ALTERNATIVELY, TO PHASE DISCOVERY

**I.      Introduction**

Plaintiff will not waste the Court's valuable time with extended opposition to Defendants' so-called "Urgent" Motion. The said motion is frivolous, as was the motion to dismiss complaint (D.E. #15) upon which the instant "urgent" motion relies.[1]

---

[1]  Almost immediately after its filing, Magistrate Judge Goodman (*see*, D.E. #26), struck certain "distinct discovery issues" from Defendants' motion as procedurally improper. What remains is Defendants' request for a blanket discovery stay and their alternative request to phase discovery – with merits discovery blocked and class discovery to proceed exclusively. This morning (D.E. #27), Judge Scola directed Plaintiff to file a "brief response" to Defendants' motion by May 24. The Court is overly gracious. A week's time is not required.

## II.     <u>Both Components of Defendants' Motion Should be Denied</u>

Defendants seek to stay discovery until determination of their pending motion to dismiss Plaintiff's complaint for alleged failure to state an actionable claim (D.E. #15). As shown in our opposing submission (D.E. #16) – annexed as an exhibit hereto for the Court's convenience – Defendants' motion to dismiss is entirely baseless. For this reason, the instant stay motion should be denied. *See, e.g., Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (discovery stay must be denied unless court concludes that pending dismissal motion is clearly meritorious and truly case dispositive).

Recognizing that their dismissal motion lacks validity, Defendants, as an alternative, seek to delay the progress of this case by asking the Court to allow only class discovery. This alternative request is equally unwarranted. Where, as here, the issues related to class certification and the merits of the case are intertwined, phased discovery should be rejected. *Griffith v. Landry's, Inc.*, 2015 WL 6468134, at *1 (M.D. Fla. Oct. 9, 2015). *And see, Hines v. Overstock, Com, Inc.*, 2010 WL 2775921, at *1 (E.D.N.Y. 2010): Courts in this and other circuits have recognized that where discovery relating to class issues overlaps merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.

Defendants, who are selling a dangerous, covertly adulterated drug to the U.S.

consumer public have no defense for their conduct. Thus, they seek to block discovery, or, at the very least, to achieve delay by engaging in "line-drawing disputes." Their patent effort to delay and to obstruct merits-discovery should be rejected.[2]

Nor do Defendants offer any comment relative to the undeniable fact that delaying the progress of this case conflicts markedly with the Court's May 16 *Scheduling Order and Order of Referral to Mediation* (D.E. #24). When I brought this fact to the attention of Defendants' counsel, I was advised to petition the district court to change the Scheduling Order.

Last, I am obliged, with regret, to point out that in their desperate attempt to evade discovery at all costs, Defendants resort to tactics which can only be described as inexcusable. Thus, Defendants contend (Motion, D.E. 25, at p. 2, fn. 2), that Plaintiff's counsel arrived "unannounced at the home of Mr. Minahan, screaming, and pounding on the door, frightening Mr. Minahan's thirteen-year-old daughter." Because this outrageous claim of harassment is a fabrication, I *immediately* asked Defendants' counsel, in writing, when Defendants' motion was filed on Tuesday May 16, to provide the date that this episode occurred (so that I could provide the Court with proof of my

---

[2] For obvious reasons, Defendants neglect to mention in the body of their motion that they have advised Plaintiff's counsel that they will not produce lead-Defendant Minahan for deposition *until next Fall. See*, Ex. C to Defendants' motion papers, at p. 1: "Mr. Minahan is not available for deposition on June 1st [the date noticed by Plaintiff]... He will be caring for (his elderly mother, at an undisclosed location) for the remainder of the Summer. Defendants also neglect to mention that they rejected outright Plaintiff's conciliatory effort to defer the deposition of lead Defendant Minahan if another fact witness were produced in his stead. But, Defendants refused to produce *any* fact witness.

whereabouts on that date and time). I received no response. Then, when I spoke by telephone with Defendants' counsel this morning (May 17), I again urgently asked for the date that this episode occurred. I was advised that the date was unknown.

**III.   Conclusion**

Defendants' motion to stay, or alternatively, to phase discovery, should be denied.

Dated: May 17, 2023

Respectfully submitted,

/s/ Harold M. Hoffman
HAROLD M. HOFFMAN, ESQ.
Admitted *Pro Hac Vice*
Email: hoffman.esq@verizon.net
240 Grand Avenue
Englewood, NJ 07631
T. 201-410-8223

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum was electronically filed via CM/ECF and thereby served on all counsel appearing in the case.

Dated: May 17, 2023

/s/ Harold M. Hoffman