United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brian Keegan, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-60501-Civ-Scola |
| Daniel P. Minahan, Perk Industries | ) |
| Inc., and Innovative Health Labs | ) |
| Inc., Defendants. | ) |

### Order Granting Temporary Stay

The Plaintiff Brian Keegan ("Keegan") brings this action against the Defendants Daniel P. Minahan, Perk Industries Inc., and Innovative Health Labs Inc. (collectively, the "Defendants") for their alleged fraud in advertising, marketing, and distributing the product *Boner Bears*, a purportedly efficacious and natural herbal remedy for erectile dysfunction. (Compl., ECF No. 1.) Keegan seeks damages and injunctive relief on behalf of himself and a proposed nationwide class of consumers who purchased *Boner Bears* during the six (6) year period preceding the filing of this suit. (*Id.* ¶¶ 20, 29, 36.) In response, the Defendants have filed a motion to dismiss (Defs.' Mot. to Dismiss, ECF No. 15), submitting, among other arguments, that Keegan's claim fails to comply with the heightened fraud pleading standard of Federal Rule of Civil Procedure 9(b),[1] that the complaint is a shotgun pleading, and that the class action allegations must be dismissed because they are defective on their face. That motion is fully briefed, and the Defendants now ask the Court to stay discovery, pending the Court's resolution. (Defs.' Mot. to Stay, ECF No. 25.) Keegan objects to the stay, highlighting the merits of his opposition to the Defendants' motion to dismiss, and insisting that the Defendants' motion to stay is merely a delay and avoidance tactic. (Pls.' Resp., ECF No. 28.) Having considered the parties' arguments, and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** the Defendants' request for a temporary stay of discovery. (**ECF No. 25**.)

District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.). Courts consider the relative

---

[1] Rule 9 of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

After a "preliminary peek" at the Defendants' motion to dismiss, and the concomitant briefing, the Court finds the issues raised appear to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman v. Flood,* 176 F.R.D. 651, 652–53 (M.D.Fla.1997)). If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery in this proceeding—including what appears to involve substantial class-action-related discovery—will, as the Defendants explain, be eliminated altogether. Further, Keegan does not identify any harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case. Keegan will be afforded sufficient opportunity to conduct fulsome discovery if his claim advances in this Court.

The Court thus finds a stay warranted and **grants** the Defendants' motion to stay (**ECF No. 25**). Discovery is therefore **stayed** until this Court issues its order on the Defendants' motion to dismiss. If the motion is ultimately denied discovery must immediately move forward.

The parties must file an amended joint discovery plan and conference report within **seven days** if the Court denies the Defendants' motion. While discovery is stayed, the parties may not take any action related to discovery.

**Done and ordered** in Miami, Florida, on May 18, 2023.

_____
Robert N. Scola, Jr.
United States District Judge